BAILES, Judge Pro Tem.
This appeal presents for our review the fact findings of the trial court that defendant made and executed a certain promissory note owned by plaintiff and that the defendant was indebted unto plaintiff on open account.
The plaintiff alleges it is the holder in due course of a promissory note dated February 28, 1973, made by defendant in the amount of $7262.05. Additionally, plaintiff alleges defendant is indebted unto it on open account in the sum of $2525.41. Allegedly, both the note and the open account were past due at the time the suit was filed on January 9, 1974.
In his original answer, defendant, a dairy farmer, admitted his name, age and domicile but otherwise pleaded a general denial of all other allegations of fact of plaintiff’s petition. Subsequently, by supplemental and amended answer defendant denied that he signed the promissory note and that if he did sign the said note, his signature was obtained through fraud and deceit. In further answering to the amount due on open account defendant alleged that:
“* * * in the course of years, plaintiff has failed to deliver unto respondent fertilizer and feed which were ordered and as a result respondent’s milk production decreased, thereby causing respondent a loss of income in excess of the amount sued for.
“* * * that as a result of plaintiff fraudulently furnishing him trash in his feed, and for which said trash respondent was charged although he did not order the trash mixed with his feed, respondent has suffered economic loss which would more than offset the amount for which plaintiff sues.
“Further answering respondent shows that plaintiff is attempting to collect for fertilizer and/or seed which was given respondent by the then manager of Allen Bros, to offset plaintiff's failure to provide respondent with feed and fertilizer on a prior order and respondent pleads an offset on said amount.”
During the trial, the parties stipulated that the original amount of the promissory note should have been $426.25 less than its face amount because interest in this amount had been previously charged to the account which represented the consideration for the note and that the open account was actually $82.06 less than the amount sued for because that amount was included as interest therein. It was further stipulated that the sum of $1100.00 had been paid subsequent thereto. The judgment of *633 the trial court conformed to the stipulated amounts.
The plaintiff, through the testimony of plaintiff’s manager and a clerk, proved to the satisfaction of the trial judge that the defendant had signed the note and that he had received the merchandise, feed and fertilizer charged to his open account.
The defendant, while under cross-examination by plaintiff’s counsel, thirteen times either denied that he signed the note or that the signature on the note was his; even so, he equivocated by stating that if he signed the note he was not aware of such signing.
In this appeal, defendant assigned three specifications of error of the trial judge. These are: 1. In finding that any sum was owed by defendant on the open account; 2. That the note was signed by defendant; 3. That the note was properly filled out at the time it was presented to the defendant for his signature. All of the assigned errors involve resolutions of fact made by the trial judge.
Our perusal of the record demonstrates to us that there are ample facts to support the findings of the trial judge and the judgment rendered thereon.
The defendant admitted on cross-examination that he had bought dairy feed from the plaintiff, and further admitted that he had been paying plaintiff from $100.00 to $200.00 per month on his account during 1973. He produced no records to support his denial of any indebtedness to plaintiff.
There was not one scintilla of evidence to support defendant’s allegations of fraud and deceit practiced on him by plaintiff, nor is there any proof whatever that the plaintiff put trash in the feed prepared and delivered to him in accordance with his dairy feed formula.
Aside from finding no manifest error in the determination of the trial judge, our own evaluation of the testimony and consideration of the entire record convinces us that the judgment appealed must be affirmed.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.